## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:25-cv-02255-RGK-RAO | Date | June 8, 2026 |
|---|---|---|---|
| Title | *Heidi Hollister et al. v. Brian Sims et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**        **(IN CHAMBERS) Order Re: Attorneys' Fees as Compensatory Civil Sanction [200]**

On May 12, 2026, the Court granted in part Qwik-Law's ("Defendant") Motion for Contempt Against Heidi Hollister ("Plaintiff"). (ECF No. 200.) The Court awarded Defendant attorneys' fees incurred as a result of Plaintiff's violation of the Preliminary Injunction Order as a compensatory civil contempt sanction. In doing so, the Court noted that Defendant would be limited to fees "reasonably and necessarily incurred in the attempt to enforce compliance." *Toyo Tire & Rubber Co., Ltd. v. Hong Kong Tri-Ace Tire Co., Ltd.*, 281 F. Supp. 3d. 967, 993 (C.D. Cal. 2017).

The Court, having received a declaration in support of Defendant's award of attorneys' fees, finds that the fees incurred are reasonable in comparison to the efforts to enforce compliance. *See Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). The Court therefore **AWARDS** Defendant **$1,414.00** in attorneys' fees to be payable by Plaintiff. In doing so, the Court adopts the following lodestar:

| Timekeeper | Hours | Hourly Rate | Total Lodestar |
|---|---|---|---|
| Justin D. Baker | 4.04 | $350.00 | **$1,414.00** |

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer        JRE/sh